UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LISA D. CARPENTER and JEFFREY D. CARPENTER,<br><br>        Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>        Defendant. | Civil Action No. 1:14-CV-00540-PB<br><br>Hon. Paul J. Barbadoro |

### RESPONSE TO COURT'S JUNE 17, 2015 ENDORSED ORDER
### AND
### UNOPPOSED MOTION TO FILE AN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

    Plaintiffs Lisa D. Carpenter and Jeffrey D. Carpenter ("Plaintiffs") hereby move for an order allowing Plaintiffs to file an opposition brief to Defendant Eli Lilly and Company's ("Lilly") Motion for Judgment on the Pleadings (Dkt. 16) out of time. This motion is unopposed. The proposed opposition, which is attached to this motion, fully responds to this Court's June 17, 2015 Order as to why the Court should deny Lilly's motion.

    Lilly moved for Judgment on the Pleadings on May 22, 2015. (Dkt. 16.) Plaintiffs' response was due on June 5, 2015. *See* L. Civ. R. 7.1(b). Plaintiffs, however, did not file an opposition. This failure was due to a clerical error. Specifically, when the motion was filed, the CM/ECF notification did not get sent to Plaintiffs' counsel's secretary, even though she had previously received such notifications. Unbeknownst to her or counsel, her email was removed from the system. Although a notification was sent to counsel, the motion was not calendared as it normally would have been, i.e., by counsel's secretary, and a response date was never noted.

    By way of background, this lawsuit is one of hundreds filed around the country alleging

1

personal injuries from Cymbalta withdrawal.  Previously, Plaintiffs filed a petition with the Judicial Panel on Multidistrict Litigation ("JPML") seeking to centralize this case with all others in a multidistrict litigation ("MDL").  Lilly opposed the motion and the JPML denied the petition.  *In re: Cymbalta (Duloxetine) Products Liab. Litig.*, 65 F. Supp. 3d 1393 (J.P.M.L. 2014).  Faced with the logistical quagmire of having to litigate hundreds of cases around the country, Plaintiffs proposed transferring all cases to the Southern District of Indiana near Lilly's headquarters.  Lilly opposed any centralization.  Plaintiffs' counsel then filed several motions to transfer ongoing actions to the Southern District of Indiana, and Lilly opposed those motions.  Every court to consider the motion either denied or deferred ruling on the motion to transfer.  *See, e.g.*, *Ali v. Eli Lilly and Company*, 1:14-cv-1615-AJT-JFA, slip op. at 9 (E.D. Va. Mar. 4, 2015).  Accordingly, these many cases remain decentralized and have required the implementation of appropriate administrative procedures to ensure compliance with the rules in the dozens of federal courts where these actions are pending.

Plaintiffs' counsel has taken steps internally to prevent this error from happening again and to ensure that deadlines are met and that calendaring is done regardless of who receives the CM/ECF notice.  Plaintiffs' counsel sincerely apologies for this error.

On June 17, 2015, this Court entered an Endorsed Order taking Lilly's Motion for Judgment on the Pleadings under advisement and ordering Plaintiffs to show cause as to why the motion should not be granted.  (Dkt. entry, June 17, 2015.)  Plaintiffs' counsel subsequently reached out to Lilly's counsel and requested consent to file an opposition to Lilly's Motion for Judgment on the Pleadings out of time.  Lilly's counsel graciously indicated that Lilly would not oppose such a request and, in fact, would prefer to have its motion resolved on the merits.

Attached to this Motion is Plaintiffs' Opposition to Defendant's Motion for Judgment on

the Pleadings.  Within this proposed brief, Plaintiffs outline why Lilly's motion should be denied.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request leave to file the opposition brief attached to this motion, which opposes Defendant's Motion for Judgment on the Pleadings, and that the Court consider the arguments therein before ruling on Lilly's motion.

Dated:  June 30, 2015

Respectfully submitted,

**BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**

By:  /s/ R. Brent Wisner
R. Brent Wisner, Esq. (*pro hac vice*)
rbwisner@baumhedlundlaw.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025

**NIXON, VOGELMAN, BARRY, SLAWSKY & SIMONEAU, PA**

By:  /s/ Leslie C. Nixon
Leslie C. Nixon, Esq.
LNixon@davenixonlaw.com
77 Central Street
Manchester, NH 03101
Phone:  (603) 669-7070

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, R. Brent Wisner, hereby certify that, on June 30, 2015, I electronically filed Plaintiffs' **RESPONSE TO COURT'S JUNE 17, 2015 ENDORSED ORDER AND UNOPPOSED MOTION TO FILE AN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk for the United States District Court for the District of New Hampshire using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ R. Brent Wisner
R. Brent Wisner